UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JUAN S.,[1] | Case No. 5:18-01495-GJS |
| Plaintiff | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security,[2] | |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff Juan S. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). [Dkt. 1.] The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 12, 13] and briefs addressing a disputed issue in the case [Dkt. 25 ("Pl.'s Br.") & Dkt. 27 ("Def.'s Br.")]. The Court has taken the parties'

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Andrew M. Saul, the Commissioner of Social Security, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

briefing under submission without oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders that judgment be entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In 2012, Plaintiff filed applications for DIB and SSI, alleging disability commencing on September 16, 2009. [Dkt. 16, Administrative Record ("AR") 264, 275, 758.] Plaintiff's claims for benefits were denied initially, upon reconsideration, and following a hearing before Administrative Law Judge Alan J. Markiewicz. [AR 18-31, 38-64, 110-14, 120-23.] After the Appeals Council denied review, Plaintiff filed a civil complaint in this Court. [AR 849-50.] On September 15, 2016, this Court issued a Judgment and Order remanding the matter for further consideration of Plaintiff's fibromyalgia condition. [AR at 848-66.] The Appeals Council then remanded the matter for additional proceedings. [AR 867-68.]

On February 9, 2018, Plaintiff had his second administrative hearing. [AR 782-819.] On May 16, 2018, Administrative Law Judge Marti Kirby ("ALJ") issued an unfavorable decision applying the five-step sequential evaluation process to find Plaintiff not disabled. [AR 758-74]; *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). The ALJ determined that Plaintiff met the insured status requirements for DIB through December 31, 2014. At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. [AR 760.] At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine; cervical radiculopathy; osteoarthritis of the left thumb; bilateral carpal tunnel syndrome; degenerative disc disease of the lumbar spine; and fibromyalgia. [*Id.*] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 763]; *see* 20 C.F.R. part 404, subpart P, appendix 1. Next, the ALJ found that

Plaintiff has the residual functional capacity ("RFC") for a range of light work and was able to: lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; balance frequently; handle, finger and reach frequently; perform postural activities, use foot pedals bilaterally, climb steps, and interact with the public occasionally; and concentrate for up to 2-hours at a time. [AR 763 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)).] The ALJ further found that Plaintiff is limited to performing unskilled work and is precluded from climbing ladders, ropes, and scaffolds, working at unprotected heights, and reaching over the shoulder bilaterally. [AR 763.] At step four, the ALJ found that Plaintiff is not able to perform his past relevant work as a delivery driver, sander/buffer, or hand sander. [AR 772.] At step five, the ALJ found that Plaintiff is able to perform other work that exists in significant numbers in the economy. [AR 773-74.] This action followed.

Plaintiff contends that the ALJ failed to properly consider substantial and relevant medical evidence in assessing Plaintiff's RFC. [Pl. Br. at 5-13.] The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 2-5.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to properly consider the work limitations assessed by the nonexamining medical expert, Dr. Arnold Ostrow. [Pl. Br. at 5-13.] The Court disagrees.

### A. Background

Dr. Ostrow testified as the medical expert at Plaintiff's February 2018 hearing. [AR 788-99.] Dr. Ostrow reported that Plaintiff has the medically determinable impairments of cervical disc degenerative disease, osteoarthritis of the left thumb, fracture of the left distal radius, bilateral carpal tunnel syndrome, lumbosacral disc degenerative disease, and fibromyalgia. [AR 768, 770, 790.] Dr. Ostrow opined, in part, that Plaintiff was limited to occasional fingering, handling, and gripping bilaterally and occasional reaching in all directions. [AR 792.] Dr. Ostrow also testified that Plaintiff would have varying levels of pain from his impairments and could miss 1 to 2 days of a work a month. [AR 795-96.] However, Dr. Ostrow admitted that Plaintiff's subjective complaints of pain were difficult for him to appreciate, as he had not examined Plaintiff. [AR 795.]

In the May 16, 2018 decision, the ALJ gave "less weight" to Dr. Ostrow's

opinion because his finding that Plaintiff was limited to occasional use of the hands was "clearly inconsistent with the objective medical evidence." [AR 770-71.] Following a lengthy and detailed discussion of the medical evidence, the ALJ found that Plaintiff's upper extremity impairments were mild, Plaintiff's fibromyalgia was well managed with the use of pain medications, and a limitation to frequent use of the hands was consistent with the medically documented evidence. [AR 765-71.]

### B. Federal Law

"There are three types of medical opinions in Social Security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see also* 20 C.F.R. §§ 404.1527, 416.927. In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] *See Lester*, 81 F.3d at 830; 20 C.F.R. §§ 404.1527, 416.927.

An ALJ may reject a nonexamining physician's opinion "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (explaining that if physician's opinion is not supported by "the record as a whole" or by "objective medical findings," the ALJ may reject that

---

[3] For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over non-treating physicians. *See* 20 C.F.R. § 404.1520c (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"); 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Because Plaintiff's claim was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above. *See* 20 C.F.R. §§ 404.1527, 416.927.

5

opinion). Although an ALJ is not bound by the opinions of a nonexamining physician, the ALJ may not ignore such opinions and "'must explain the weight given to the opinions'" in the ALJ's decision. *Chavez v. Astrue*, 699 F.Supp.2d 1125, 1135 (C.D. Cal. 2009) (quoting Social Security Ruling 96-6p).

**C. Discussion**

Here, the ALJ found Dr. Ostrow's opinion indicating that Plaintiff had functional limitations beyond those included in the ALJ's RFC assessment (i.e., occasional fingering, handling and gripping bilaterally, occasional reaching in all directions, and missing work 1 to 2 days a month) was unsupported by the objective medical evidence. [AR 770-71.] The ALJ referenced "specific evidence in the medical record" to support the rejection of Dr. Ostrow's opinion. *Sousa*, 143 F.3d at 1244. For example, the ALJ noted that Plaintiff's carpal tunnel syndrome was diagnosed as mild, the record reflected infrequent complaints related to this condition, and surgery was not recommended given the minimal findings. [AR 769, 771.] Similarly, Plaintiff rarely mentioned a thumb impairment and received little to no treatment for that condition. [AR 771.] The ALJ also found that Plaintiff's cervical radiculopathy did not appear to be chronic, as several of Plaintiff's examinations revealed no symptoms of neurological deficits in the upper extremities. [AR 771.] As for Plaintiff's fibromyalgia symptoms, the ALJ found that Plaintiff's pain appeared to be well managed with the use of medications, Plaintiff often denied side effects from his medications, and Plaintiff was not receiving treatment from a specialist. [AR 768, 771.] The ALJ did not, as Plaintiff suggests, substitute "her own lay opinion in place of the medical expert Dr. Ostrow's opinion[]." [Pl. Br. at 11.] Rather, the ALJ simply concluded that Dr. Ostrow's opinion was entitled to "less weight," because the manipulative and absence from work limitations were "inconsistent with the objective medical evidence and other evidence of record." [AR 770-71.]

In addition, the ALJ gave "significant, but not full" weight to the opinions of

two examining physicians, Dr. V. Prabhu Dhalla and Dr. Gabriel Fabella. [AR 356-77, 466-70, 765-67, 769.] Dr. Dhalla, an orthopedic surgeon, completed an agreed medical examination of Plaintiff in January 2011 and found that Plaintiff could not engage in repetitive gripping, grasping, and fingering.[4] [AR 373.] Dr. Fabella, an internal medicine specialist, conducted a consultative examination of Plaintiff in April 2013 and opined that Plaintiff was capable of "repetitive handling" bilaterally. [AR 470.] Because Dr. Dhalla and Dr. Fabella completed independent examinations of Plaintiff, their opinions constituted substantial evidence supporting the ALJ's rejection of Dr. Ostrow's opinion.[5] *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion assessing claimant's impairments and limitations that rested on physician's independent examination of claimant provided substantial evidence for supporting ALJ's rejection of other physicians' opinions). Although Plaintiff argues that other record medical evidence supports

---

[4] Dr. Dhalla's recommendation against "repetitive gripping, grasping or fingering" actions is not inconsistent with the ALJ's finding that Plaintiff is able to "frequently handle, finger, and reach." [AR 373, 763]; *see, e.g.*, *De Munoz v. Comm'r of Soc. Sec.*, No. 1:18-CV-00483-SAB, 2019 WL 1243718, at *7 (E.D. Cal. Mar. 18, 2019) ("The ALJ's interpretation that [physician's] limitation to no repetitive use of her hands on a consistent basis would allow her to use her hands frequently under the social security regulations is reasonable."); *Jimenez v. Colvin*, No. CV 13-8676 SS, 2014 WL 5464949, at *12 (C.D. Cal. Oct. 28, 2014) (rejecting plaintiff's contention that ALJ's RFC permitting "frequent" handling and fingering was inconsistent with the opinion of plaintiff's physician to avoid "repetitive" hand motions); *Gallegos v. Barnhart*, 99 F. App'x 222, 224 (10th Cir. 2004) ("frequent" and "repetitive" are not synonymous, and ALJ's finding that plaintiff could perform jobs requiring "frequent" reaching, handling or fingering was not inconsistent with physician's recommendation against "repetitive" actions).

[5] The ALJ was not, as Plaintiff suggests, obligated to give greater weight to Dr. Ostrow's nonexamining physician opinion than the opinions of Plaintiff's examining physicians simply because "Dr. Ostrow was the only medical source to have reviewed the entire record." [Pl. Br. at 10]; *see Orn*, 495 F.3d at 631 ("[g]enerally, the opinions of examining physicians are afforded more weight than those of non-examining physicians"); *Lester*, 81 F.3d at 830; 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1).

Dr. Ostrow's opinion [Pl. Br. at 11-12], the Court will not second guess the ALJ's reasonable determination to the contrary, even if such evidence could give rise to inferences more favorable to Plaintiff. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (same).

Accordingly, reversal or remand is not warranted based on the ALJ's consideration of the medical evidence and RFC assessment.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS ORDERED.**

DATED: September 16, 2019

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE